FILED

2008 Aug-08  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| REGINA F. ABERNATHY, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 3:07-CV-0615-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

Regina Abernathy ("Plaintiff") appeals from the decision of the
Commissioner of the Social Security Administration ("Commissioner")
denying her application for Supplemental Security Income ("SSI").  Ms.
Abernathy timely pursued and exhausted her administrative remedies and
the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§
405(g), 1383(c)(3).

Ms. Abernathy was thirty-three years old at the time of the
Administrative Law Judge's ("ALJ") decision, and she has an eleventh grade

education.  Her past work experience includes employment as a cleaner in a fast food restaurant.  Tr. at 17.  Ms. Abernathy claims that she became disabled on November 18, 2002, due to left upper extremity amputation, poor vision, bilateral knee pain, decreased range of motion in shoulders, and low back pain.  *Id*. at 16.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. § 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 416.920(a)(4)(ii).  Otherwise, the analysis

continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §  416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms.

Abernathy has not engaged in substantial gainful activity since the alleged onset of her disability. *Id.* at 16. According to the ALJ, Plaintiff's forearm amputation left upper extremity and obesity are considered "severe" based on the requirements set forth in the regulations. *Id.* However, the ALJ determined that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id.* The ALJ did not find Ms. Abernathy's allegations to be totally credible and determined that she has the residual functional capacity to perform a limited range of light work activity that allowed for use of the right dominant hand only and did not require lifting more than ten pounds. *Id.* at 17.

According to the ALJ, Ms. Abernathy's past relevant work as a cleaner does not require the performance of work related activities precluded by her RFC. *Id.* at 18. In addition, the ALJ heard testimony from a vocational expert who used Medical-Vocation Rule 202.17 as a guideline for finding that there are a significant number of jobs in the national economy that Ms. Abernathy is capable of performing. *Id.* These jobs include employment as a sander, counter clerk, and sales attendant. *Id.* The ALJ concluded his

findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, since April 11, 2005." *Id.* at 19.

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Ms. Abernathy alleges that the ALJ's decision should be reversed and remanded for three reasons.  First, Plaintiff contends that the ALJ's RFC determination is not supported by the opinions of any physicians of record.  (Doc. 8 at 9.)  Ms. Abernathy also argues that the ALJ's conclusion that she can return to her past relevant work as a cleaner is not based on substantial evidence.  *Id*. at  6.  Finally, Plaintiff claims that the ALJ's credibility finding is not based on substantial evidence.  *Id*. at 14.

A.    RFC Assessment.

Plaintiff argues that the ALJ's finding that she retains the RFC to perform the exertional demands of light work is not supported by substantial evidence.  (Doc. 8 at 9.)  Specifically, Plaintiff asserts that this finding is not supported by the opinions of any physicians of record.  *Id.*

An RFC is defined as "the most you can still do despite your limitations," and the Agency will assess RFC based on "all the relevant evidence in your case record."   20 C.F.R. § 404.1545(a).    The Grid Guidelines define light "work as work which involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds."  20 C.F.R. § 404.1567(b).  Even though the weight lifted may be very little, a job is in the light category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  *Id.*

In all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty v. Apfel*, 245 F.3d. at 1278;

42 U.S.C. § 423(d)(5) ("[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). The regulations also establish that the claimant's burden is to provide the relevant medical and other evidence she believes will prove her alleged disability. *See* 20 C.F.R. § 404.1512(a) and (c). Moreover, the claimant's burden is to provide a medical record that is complete, and if he or she fails to do so, the ALJ will make a decision based on the evidence of record. *See* 20 C.F.R. §§ 404.1513(e), 404.1516.

In determining that Plaintiff retains the RFC to perform light exertional work activity using the right hand only, the ALJ stated that he accorded "considerable weight" to the consulting opinion of Dr. Woodfin, as "this opinion is based on a thorough examination of the claimant and is consistent with the evidence as a whole." Tr. at 17. However, Plaintiff argues that a review of the record reveals that Dr. Woodfin was not asked to render an opinion regarding her functional abilities. (Doc. 8 at 9.)

On June 28, 2005, Dr. Clarke Woodfin performed a consultive examination of Plaintiff. Tr. at 120-22. During this examination, Plaintiff

told Dr. Woodfin that she was on no medications and that she had no impairment in her right arm, except that she sometimes lost her grip. *Id*. at 120. With regard to the left arm, Plaintiff indicated that she had occasional stump pain but no phantom pain. *Id*. Dr. Woodfin observed that the left arm was amputated two inches below the elbow and that there was a good pad at the stump. *Id*. at 121. Although Plaintiff alleged that she sometimes had shortness of breath, she also acknowledged that she had smoked two packs of cigarettes per day since she was eighteen. *Id*. at 119. Dr. Woodfin noted that her lungs were clear and that her breath sounds were good. *Id*. at 121. Plaintiff also complained of bilateral knee pain when she attempted to squat and arise; however, Dr. Woodfin found that the knees were negative to inspection and palpation with no increased crepitance, tenderness, deformity, or effusion. *Id*. Dr. Woodfin noted that range of motion of the knees was 0 to 140 degrees without discomfort; and Plaintiff had full range of motion of the shoulders and all other joints, hips, and ankles. *Id*. Additionally, Plaintiff had full range of motion of the spine and negative straight leg raising. *Id*. at 122. Dr. Woodfin also noted that Plaintiff had 5/5 motor strength in the shoulder girdles, right biceps, right

triceps, right wrist flexors, right pinch, right grip, quadriceps, hamstrings, and ankle flexors.  *Id.*

Based on this examination, Dr. Woodfin diagnosed Plaintiff with a forearm amputation of the left upper extremity, PVCs, tobacco abuse, past history of alcohol abuse, and exogenous obesity.  *Id.* at 122.  Dr. Woodfin also indicated that Plaintiff would have the following functional limitations:

> Speech and hearing, travel and right dexterity are unaffected. Lifting and carrying, sitting, being on her feet, and walking are unimpaired.   This is a self-explanatory situation and I have nothing to add. Effort was good on all testing.  Motivation may be suspect.

*Id.*

Although Plaintiff asserts that Dr. Woodfin "was not asked to render an opinion regarding [her] functional abilities" (Doc. 8 at 9), a review of Dr. Woodfin's report shows that, in fact, he provided a medical source statement regarding her functional limitations.   Therefore, substantial evidence supports the ALJ's assessment of Plaintiff's RFC.

B.    Past Relevant Work.

Plaintiff contends that the ALJ's finding that she can return to her past relevant work as a cleaner is not based on substantial evidence.  (Doc. 8 at

6.)  The ALJ stated in his decision that the VE testified that Plaintiff could return to her past relevant work as a cleaner given her RFC.  Tr. at 18.  This statement was incorrect.  As Plaintiff correctly notes, the VE offered no testimony at the hearing regarding Plaintiff's ability to perform her prior work as a cleaner.[1]  However, procedural perfection in administrative proceedings is not required; and the Court should not vacate a judgment unless the substantial rights of a party have been affected.  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).  Because the ALJ also proceeded to the fifth step of the sequential evaluation process and considered whether Plaintiff could perform other work, his error in finding that she could return to her past relevant work is harmless in this case.

After evaluating the entire record, including Plaintiff's testimony, the ALJ determined that Plaintiff retained the RFC to perform a limited range of light work activity that allowed for use of the right dominant hand only and did not require lifting more than 10 pounds.  Tr. at 17.  Given that Plaintiff was unable to perform a full range of light work activity, the ALJ

---

[1]In fact, the Commissioner conceded in his brief that Plaintiff met her burden of showing that she was unable to return to her past relevant work.

properly obtained VE testimony.  *See Welch v. Bowen*, 854 F.2d 436, 439 (11th Cir. 1988).  The ALJ posed a hypothetical question in which he asked the VE to assume that an individual retained the ability to perform work-related activities consistent with Plaintiff's RFC.  Tr. at 170-71.  The VE provided the following examples of jobs that could be performed using only the right hand and would require lifting no more than 10 pounds: sander, counter clerk, and sales attendant.  *Id*.  Relying on the VE's testimony, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff retained the ability to perform.  *Id*. at 18-19.  Because the hypothetical question posed to the VE included all of Plaintiff's limitations, the ALJ's conclusion that he could do other work in the national economy is supported by substantial evidence.  *See McSwain v. Bowen*, 814 F.2d 617, 620 (11th Cir. 1987).

C.    Credibility Finding.

Plaintiff asserts that the ALJ's evaluation of her credibility was improper.  (Doc. 8 at 14.)  Specifically, Plaintiff contends that her daily activities and lack of grip strength support her allegations of disability and should have been considered.

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh

Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In this case, the ALJ articulated explicit reasons for rejecting Plaintiff's subjective allegations as not credible to the extent that they conflicted with the objective medical evidence.  In fact, Plaintiff stated in her disability report that her left arm amputation did not cause her pain or other symptoms.  Tr. at 110.  When asked to describe how the left arm amputation limited her ability to work, Plaintiff indicated that she was unable to operate machinery, carry heavy items, or engage in any physical activity that required the use of two arms.  *Id*.  The ALJ also noted that Plaintiff testified that she was able to lift 5-10 pounds with her right arm but could not use her left arm.  *Id*. at 17, 165.  Furthermore, the ALJ also considered that Plaintiff's arm amputation had occurred shortly after her

birth, that she had worked with this condition in the past, and that there was no evidence of a deterioration in her condition after her alleged onset date. *Id.* at 17. Finally, the ALJ also noted that Plaintiff was fired from her last job due to alcohol problems rather than reasons related to her allegedly disabling impairment. *Id.* at 17, 164.

Because the ALJ adequately explained his reasons for rejecting Plaintiff's allegations of disability, his decision is supported by substantial evidence.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Ms. Abernathy's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A corresponding order will be entered contemporaneously with this Memorandum of Opinion.

Done this 8<u>th</u> day of <u>August 2008</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**